IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Evans, | ) | C/A No.: 3:16-1585-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Cheryl M. Stanton, Executive Director | ) | |
| of South Carolina Department of | ) | |
| Employment and Workforce (D.E.W.), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Reginald Evans ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action seeking compensatory damages and injunctive relief. Plaintiff sues Executive Director of South Carolina Department of Employment and Workforce Cheryl M. Stanton ("Defendant") alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges Defendant discriminated against him based on his race, color, disability, and age when Defendant reduced his unemployment benefits and failed to accommodate his disability. [ECF No. 1 at 2]. Specifically, Plaintiff says his doctor placed him on permanent light duty on January 8, 2016, and he filed for unemployment

benefits on February 18, 2016. *Id.* at 2–3. Plaintiff claims Defendant reduced his benefits in April 2016 due to his medical condition. *Id.* at 2. Plaintiff alleges he was seeking employment to match his medical condition and restrictions and Defendant "still denied benefits in violation of the American Disability Act." *Id.* at 3. Plaintiff says Defendant issued a final decision on May 2, 2015, denying him "unemployment benefit for no good business reason." *Id.* Plaintiff argues the decision to deny him benefits was based on race because Defendant "has a history and pattern of denying benefits to minorities." *Id.* Plaintiff requests monetary damages and injunctive relief. *Id.*

II.    Discussion

    A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court

2

is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

　　B.　　Analysis

　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v.*

*Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (finding that plaintiff must "offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant").

To the extent Plaintiff attempts to bring a claim pursuant to Title VII, the Age Discrimination in Employment Act, or the Americans with Disabilities Act, such claims do not apply to parties who are not a former, current, or potential employer of a plaintiff. *Gerner v. County of Chesterfield, Va.*, 674 F.3d 264, 268 (4th Cir. 2012) (holding that a "'[a] natural reading of 42 U.S.C. § 2000e–2(a)(1) suggests that the 'individual' it references is a potential, current, or past employee of the employer'") (citations omitted); *Haavistola v. Community Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 220 n. 2 (4th Cir. 1993) ("Although we were construing the definitions of 'employee' and 'employer' under the [ADEA], the operative language in ADEA is identical to the operative language in Title VII, so the analysis utilized under either act is interchangeable."); *Mobley v. AAA Cooper Transp.*, 1:14CV136, 2015 WL 790339, at *6 (M.D.N.C. Feb. 25, 2015) (finding that the ADA did not apply to non-employer parties).

Plaintiff has failed to offer anything beyond his own speculation to show Defendant's alleged actions were based on his race, which he does not identify. The conclusory allegations in Plaintiff's complaint are insufficient to support his bare allegations of discrimination, and he therefore fails to state a viable civil rights action based on discrimination. *Bongam v. Action Toyota, Inc.*, 14 F. App'x 275, 279–80 (4th Cir. 2001) (listing requirements to establish a discrimination claim under 42 U.S.C. § 1981); *see also Simmons v. Poe*, 47 F.3d 1370, 1376–78 (4th Cir. 1995) (discrimination

4

claim under 42 U.S.C. § 1985). Accordingly, Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (statute allowing dismissal of in forma pauperis claims "encompasses complaints that are either legally or factually baseless").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 27, 2016                                    Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).