IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Reginald Evans,<br><br>        Plaintiff,<br><br>v.<br><br>Cheryl M. Stanton, Executive Director of South Carolina Department of Employment and Workforce (D.E.W.),<br><br>        Defendant. | C/A No. 3:16-1585-JFA<br><br><br>**ORDER** |

Reginald Evans ("Plaintiff") filed this *pro se* action alleging a violation of his constitutional rights. Plaintiff seeks both compensatory damages and injunctive relief. (ECF No. 1). Plaintiff's suit alleges that Cheryl M. Stanton ("Defendant") discriminated against him based on his race, color, disability, and age when Defendant reduced his unemployment benefits and failed to accommodate his disability. *Id* at 2.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the complaint in this case without prejudice and without issuance and service of process. (ECF No. 10). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 27, 2016. Plaintiff filed a response to the report on June 10, 2016, but failed to make any specific objections to the report. (ECF No. 13). Instead of making specific objections to the Report's findings, Plaintiff seems to believe that the authority cited by the Magistrate in the Report causes Plaintiff to be entitled to an opportunity to conduct discovery and to present facts to a jury.[2] (ECF No. 13).

Plaintiff never attempted to address the substantive findings of the Report that Plaintiff had failed to state a viable civil rights action based on discrimination. Instead, Plaintiff merely filed a response to the Magistrate's findings that consisted of three vague sentences that cannot possibly be considered specific objections to the Magistrate's Report. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 10). Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

June 13, 2016                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

---

[2] Specifically, Plaintiff states: "The Report cites *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*. This should allow Plaintiff the opportunity to conduct discover [sic] to present facts to a jury in the interest of justice." (ECF No. 13 p. 2).

2